UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNELL BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-00450-RHH |
| ) | |
| BMW FINANCIAL SERVICES, NA LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Darnell Bey's Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 2). Having reviewed the application and the financial information submitted in support, the Court will grant the request and waive the filing fee. Nevertheless, the Court will dismiss the Complaint without prejudice for the reasons below.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-

represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff's Complaint is largely unintelligible. He brings this suit against Defendant BMW Financial Services NA, LLC, claiming he "has established a judgment of non-performance" against Defendant and that Defendant "is [in] breach of contract for failure to respond to original administrative process." He seeks $405,000 in damages.

Plaintiff has attached several documents to his Complaint, including a letter from Defendant denying his credit application. Plaintiff responded to the denial by sending two "notices" to Ole Jensen, Defendant's Chief Financial Officer, demanding that Mr. Jensen "correct the DECLINE decision for application ID #54680844/xxx-xx-4123, to

ACCEPTED/APPROVED" and "respond in writing within 5 business days . . . giving notice that demands have been received and applied, or reason why you will not perform these demands."

In a document titled "Notice of Dishonor," Plaintiff asserts that he gave "a collateral security to Autohaus BMW Maplewood on November 8, 2023 for a BMW X5 M" and that he was "denied and dishonored" when he "went to claim [the] valuable consideration[.]"[1] Plaintiff's remaining attachments do little to illuminate the factual or legal bases of his Complaint.

## Discussion

Liberally construed, Plaintiff appears to assert a claim under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691. He also appears to assert a breach-of-contract claim. Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to review under 28 U.S.C. § 1915. Having reviewed the Complaint, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted.

**1. The ECOA**

The ECOA makes it illegal for creditors to discriminate against applicants based on their race, color, religion, national origin, sex, marital status, or age. 15 U.S.C. § 1691(a). "A 'creditor' is defined in the ECOA as 'any person who regularly extends, renews, or continues credit,' including any person who 'arranges for' or 'participates' in such credit decisions." *Johnson v. Perdue*, 862 F.3d 712, 717 (8th Cir. 2017) (quoting 15 U.S.C. § 1691a(e)). The statute applies to those applying for "credit," which "means the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor." 15 U.S.C. § 1691a(d). "To establish a prima facie claim for discrimination

---

[1] The Court may consider these attachments on initial review. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

3

under the ECOA, a plaintiff must demonstrate that (1) he was a member of a protected class, (2) he applied for and was qualified for a loan, (3) the loan was rejected despite his qualifications, and (4) the bank continued to approve loans for applicants with similar qualifications." *Christian v. Com. Bank N.A.*, Case No. 4:14-CV-00201-AGF, 2014 WL 5420266, at *2 (E.D. Mo. Oct. 22, 2014) (citing *Rowe v. Union Planters Bank*, 289 F.3d 533, 535 (8th Cir. 2002)).

Plaintiff's allegations are vague and conclusory. He appears to assert that Defendant wrongfully denied his credit application. But he does not assert that Defendant discriminated against him based on his race, color, religion, national origin sex, marital status, or age. Additionally, Plaintiff alleges no facts to suggest he is a member of a protected class, was qualified for a loan, or was treated differently than other applicants. While the Court must accept Plaintiff's factual allegations as true, it "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). For these reasons, the Court finds that Plaintiff has failed to state a plausible claim to relief under the ECOA.

### 2. Breach of Contract

Plaintiff also asserts that "Defendant is [in] breach of contract for failure to respond to original administrative process." To plead a breach-of-contract claim under Missouri law, a plaintiff must allege: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff. *See Keveney v. Missouri Mil. Acad.*, 304 S.W.3d 98, 104 (Mo. 2010) (enumerating the elements of a breach-of-contract claim).

Here, Plaintiff asserts that Defendant breached an unspecified contract when it failed to "respond to original administrative process." Plaintiff does not plead the existence of terms that

4

required Defendant to "respond to original administrative process." Indeed, Plaintiff fails to plead the existence of a contract at all. "It is axiomatic that a court cannot create a contract for the parties when one does not otherwise exist." *Kleinheider v. Phillips Pipe Line Co.*, 528 F.2d 837, 841 (8th Cir. 1975). For these reasons, the Court finds that Plaintiff has also failed to state a plausible breach-of-contract claim.

## Conclusion

To sufficiently state a claim for relief, a plaintiff must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Plaintiff has not done so here. The allegations in the Complaint do not allow the Court to reasonably infer that Defendant is liable for the alleged misconduct. *Id.* Thus, the Court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

*[signature]*

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 16th day of July, 2024.